# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  CASE NOS.: 3:10cr62/MCR/CJK
  3:16cv280/MCR/CJK

DONALD LAMAR WADE

_____/

# O R D E R

Defendant Donald Lamar Wade has filed a Motion to Correct Sentence Under 28 U.S.C. § 2255 contending that he is entitled to sentencing relief based on Johnson v. United States, 135 S.Ct. 2551 (2015). (ECF Nos. 33, 35). The Government concedes that Mr. Wade is entitled to relief. (ECF No. 39).

Mr. Wade pleaded guilty to the offense of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 20). The court found Mr. Wade to be an armed career criminal after adopting the findings of the Presentence Investigation Report that he had prior Florida convictions for offenses including Burglary of a Dwelling while Armed, Kidnapping, Robbery, and Escape. (ECF No. 26). Pursuant to the Armed Career Criminal Act, ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or

both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also is subject to a greater *Guidelines* range pursuant to U.S.S.G. § 4B1.4. Mr. Wade was sentenced to a term of 180 months imprisonment. Absent the application of the ACCA enhancement, Mr. Wade would have faced a maximum sentence of ten years imprisonment, *see* 18 U.S.C. § 924(a)(2), and the court indicated at sentencing that absent the ACCA enhancement, it would have imposed the statutory maximum sentence to run consecutive to the state sentence. (ECF No. 37 at11).

In Johnson v. United States, 135 S.Ct. 2551 (2015), the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. Johnson, 135 S.Ct. at 2563. Thus, a prior conviction can only qualify as a "violent felony" if it

falls within the elements clause or is one of the enumerated offenses.  Escape is no longer a violent felony under the ACCA after Johnson.  See United States v. Cummings, 628 F. App'x. 719 (11th Cir. 2016).  Mr. Wade's burglary, robbery, and kidnapping offenses occurred during a single criminal episode and as such count as a single predicate offense for purposes of § 924(e)(1).  *See* United States v. McCloud, 818 F.3d 591, 595 (11th Cir. 2016); United States v. Sweeting, 933 F.2d 962, 967 (11th Cir. 1991).  Therefore, Mr. Wade no longer has the three requisite predicate convictions to support the application of the ACCA enhancement, and he is entitled to be resentenced.

Accordingly it is **ORDERED**:

1. Defendant Wade's Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 33) is **GRANTED.**

2. Within **fourteen (14) days** from the date of this order, the U.S. Probation Office shall prepare a supplemental addendum to the Presentence Investigation Report including amended *Guidelines* calculations, and provide same to the parties *and the court*.  The parties shall have **fourteen (14) days** to notify the court and the Probation Office of any objections to the revised calculations.  Depending on the parties' responses, the Court will

modify Mr. Wade's sentence without a resentencing hearing.  If there are objections, the court will schedule a resentencing.

**DONE AND ORDERED** this 24th day of August 2016.

　　　　　　　　　　　 s/ *M. Casey Rodgers*　　　　　　　
　　　　　　　　　　**M. CASEY RODGERS**
　　　　　　　　　　**CHIEF UNITED STATES DISTRICT JUDGE**

Case Nos.: 3:10cr62/MCR/EMT; 3:16cv280/MCR/EMT